**UNITED STATES of America, Plaintiff,**

v.

**Steven Marshall MEAD, Defendant.**

**CR No. 90–271–FR.
Civil No. 94–1580–FR.**

United States District Court,
D. Oregon.

Oct. 21, 1996.

Kristine Olson, United States Attorney, John K. Hoover, Special Assistant United States Attorney, Portland, OR, for Plaintiff.

Arron Guevara, Assistant Federal Public Defender, Portland, OR, for Defendant.

coordinated or consolidated pretrial proceedings."

## OPINION AND ORDER

FRYE, Judge:

The matter before the court is the motion of the defendant, Steven Marshall Mead, for reconsideration pursuant to Fed.R.Civ.P. 60(b) (# 122).

## BACKGROUND

After entering a plea of guilty, Mead was sentenced by this court on March 16, 1992 to 135 months in federal prison for the crime of the unlawful possession of phenyl 2 propanone with the intent to manufacture methamphetamine, and to 60 months in federal prison for the crime of using and carrying a .38 caliber semi-automatic pistol during and in relation to a drug trafficking crime. The sentences were to run consecutively. This court determined that Mead's criminal history was a category III (six points), three points of which were for Mead's conviction in a court of the State of Oregon in 1990 for the crime of the unlawful possession of a controlled substance and the crime of the unlawful possession of a weapon.

On December 28, 1994, Mead filed a petition in this court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, to vacate the conviction and sentence imposed by this court, alleging two grounds: (1) double jeopardy, which ground Mead later voluntarily dismissed; and (2) the ineffective assistance of counsel in his 1990 state court conviction and appeal. The government argued that the allegations of the claim of the ineffective assistance of counsel were more properly allegations of a claim under 28 U.S.C. § 2254 because the allegations of the claim do not relate to the sentence imposed by this court upon Mead. Mead then moved to convert his petition for a writ of habeas corpus filed pursuant to section 2255 into a petition filed pursuant to section 2254 and to stay further proceedings pending resolution of his post-conviction appeal of the 1990 state court conviction.

---

On July 10, 1996, this court denied Mead's motion to convert the petition for a writ of habeas corpus filed pursuant to section 2255 into a petition for a writ of habeas corpus filed pursuant to section 2254, and denied his motion to vacate his conviction and sentence pursuant to section 2255. The court also ruled that "Mead may file a petition under 28 U.S.C. § 2255 in this court upon the conclusion of his appeal or appeals in the courts of the State of Oregon." Opinion and Order, pp. 2–3.

## RULING OF THE COURT

Mead has filed this motion for reconsideration because he is concerned that if he does not prevail in his state court appeal or appeals, he could be prevented from filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 because he might no longer be considered "in custody." He is also concerned that his petition under 28 U.S.C. § 2254 might be barred under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), which requires that a petition for a writ of habeas corpus filed under section 2254 be filed within one year from the day that the judgment of conviction becomes final on conclusion of direct review. Mead asks that if the court refuses to stay these proceedings, it enter an order finding that he is "in custody" for the purposes of filing a section 2254 petition and allow him to file such a petition if he is unsuccessful in his state post-conviction proceedings. Mead has also submitted a Notification of Sentence Expiration and File Closure from the Oregon Board of Parole and Post–Prison Supervision which indicates that his state sentence did not expire until July 3, 1995. Based on this Notification, the government now agrees that Mead was in the custody of the State of Oregon when he filed his section 2255 petition on December 28, 1994 because he was under the supervision of the Oregon Board of Parole on that date. The government continues to oppose a stay in these proceedings, but does not oppose an order in which this court finds (1) that Mead was in the custody of the State of Oregon on December 28, 1994, the date on which he filed his petition for a writ of habeas corpus pursuant to section 2255; (2) that

if Mead is unsuccessful in his post-conviction proceedings in the State of Oregon, he will be allowed to file a petition for a writ of habeas corpus in this court pursuant to section 2254 in which he will allege the same ground for the ineffective assistance of counsel that he first alleged in this section 2255 petition; and (3) that the subsequent petition will be considered timely filed. The court so finds and so orders.

## CONCLUSION

Mead's motion for reconsideration pursuant to Fed.R.Civ.P. 60(b) (# 122) is GRANTED.

IT IS SO ORDERED.